UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-04467<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW COMES Plaintiff, BRENDA BROWN ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of I.C. SYSTEM, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

#### PARTIES

1

4. Plaintiff is a consumer over-the-age of 18 residing in Cook County, Illinois, which is within the Northern District of Illinois.

5. Defendant has been in the accounts receivable recovery industry since 1938.[1] Defendant's principal office is located at 444 Highway 96 E, Vadnais Heights, Minnesota, and its registered agent in Illinois is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant in the business of collecting consumer debts for others throughout the country, including in Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a medical bill ("subject debt") purportedly owed to *Dr. Charles A. Beck, Jr., M.D., Ltd.* ("Beck").

8. At the time Plaintiff obtained medical services from Beck, Plaintiff was assured that her expenses would be covered by her health insurance.

9. Upon information and belief, Beck failed to properly bill Plaintiff's health insurance provider, thus giving rise to the subject debt.

10. Shortly thereafter, Beck assigned the subject debt to Defendant for collection purposes.

11. During the summer of 2021, Plaintiff was looking to obtain a new line of credit, so she accessed her credit report through Experian to ensure that there were no negative accounts reporting.

---

[1] https://www.icsystem.com/about-ic-system/

12. Much to Plaintiff's dismay, however, Plaintiff noticed that Defendant was reporting the subject debt as a collection account that was past due, with a balance of $80.00.

13. Accordingly, on or about July 8, 2021 and July 14, 2021, Plaintiff called Defendant and informed it that the subject debt was incorrectly reporting, as Plaintiff did not owe the subject debt.

14. Defendant's representative acknowledged Plaintiff's dispute, but informed Plaintiff to contact her insurance provider for more information.

15. Per Defendant's instruction, Plaintiff contacted her health insurance provider, who verified that the medical services giving rise to the subject debt should have been covered by Plaintiff's policy.

16. In late July 2021, Plaintiff accessed her Experian credit report once again, and not only was Defendant continuing to report the subject debt as a past due collection account, but the status on the corresponding trade line failed to reflect that the subject debt was being disputed by Plaintiff, as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| I.C. SYSTEM, INC | 80395013 | $80 as of 07/18/2021 | 01/2018 | Collection account. $80 past due as of Jul 2021. |
| PO BOX 64378 SAINT PAUL, MN 55164 844 789 2126 Address identification number 0127166811 Original creditor DR CHARLES A BECK JR MD | Type Collection Terms 1 Months On record until Aug 2024 | Credit limit or original amount $80 High balance $0 Monthly payment $0 Recent payment amount $0 | Date of status 01/2018 First reported 07/2018 Responsibility Individual | |

17. Plaintiff was perplexed by Defendant's failure to communicate to Experian that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to Experian on July 18, 2021, which was after Plaintiff's dispute with Defendant.

3

18. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, resulting in expenses.

19. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

20. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

22. As a result of the conduct, actions, and inaction of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, a decreased credit score, an invasion of privacy, loss of sleep, time and money expended meeting with her attorneys and monitoring her credit file, and mental and emotional pain and suffering.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1977.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of 15 U.S.C § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to Experian in an active collection status, when not only did Plaintiff not owe the subject debt, but she explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit information to

---

[2] https://www.acainternational.org/search#memberdirectory

Experian, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that she did not owe.

### b. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not owe the subject debt, as she was fully insured as the time she obtained medical services from Beck. Yet, Defendant continued to report the subject debt as a past due collections account, prompting Plaintiff to dispute the debt directly with Defendant. In spite of Plaintiff's efforts, Defendant has continued to unfairly report false information to the credit bureaus.

33. Furthermore, Defendant's conduct is also in violation of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

34. As pled in paragraphs 18 through 22, *supra,* Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BRENDA BROWN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 23rd day of August 2021.        Respectfully Submitted,

                                                                                              */s/ Taxiarchis Hatzidimitriadis*
                                                                                  Taxiarchis Hatzidimitriadis #6319225
                                                                                  David S. Klain #0066305
                                                                                  CONSUMER LAW PARTNERS, LLC
                                                                                  333 N. Michigan Ave., Suite 1300
                                                                                  Chicago, Illinois 60601
                                                                                  (267) 422-1000 (phone)
                                                                                  (267) 422-2000 (fax)
                                                                                  teddy@consumerlawpartners.com

                                                                                 *Attorney for Plaintiff, Brenda Brown*

7